# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **Z.B. and Z.Y.**

**No. 17-0203** (Marion County 16-JA-123 & 16-JA-124)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner guardian ad litem Scott A. Shough appeals the Circuit Court of Marion County's February 13, 2017, order granting the children's mother disposition pursuant to West Virginia Code § 49-4-604(b)(5). The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Chaelyn W. Casteel, filed a response in support of the circuit court's order. The children's mother, J.B., by counsel Rebecca Tate, filed a response in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in failing to terminate the mother's parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against the mother that alleged she had a substance abuse problem that impaired her ability to properly parent the children. The DHHR further alleged that the mother abused drugs during her pregnancy with Z.B. such that the child required a morphine taper after birth. The petition made no allegations against the children's father.

In August of 2016, the circuit court held an adjudicatory hearing at which the mother stipulated to her substance abuse problem and its impact on her ability to properly parent the children. In October of 2016, the circuit court held a dispositional hearing. The mother did not attend in person but was represented by counsel. According to the mother's counsel, she expressed a desire to seek out and complete inpatient substance abuse treatment. During the hearing, the circuit court granted the mother a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In November of 2016, the DHHR and petitioner filed a joint motion to revoke the mother's improvement period upon allegations that she failed to fully participate in the same. According to the motion, the mother failed to attend drug screens, enroll in or complete substance abuse treatment, keep in contact with the DHHR, or visit the children. Further, the motion alleged that the DHHR was informed that the mother was incarcerated, beginning on October 12, 2016, due to probation violations. As such, the DHHR indicated that the mother would be unable to participate in services to remedy the conditions of abuse and neglect. The circuit court, thereafter, granted the motion to revoke the mother's improvement period.

In January of 2017, the circuit court held a dispositional hearing. The mother did not appear in person but was represented by counsel. At the hearing, both the DHHR and the mother requested that the circuit court impose disposition pursuant to West Virginia Code § 49-4-604(b)(5), which allows the circuit court to "commit the child[ren] temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person . . . ." Ultimately, the circuit court permanently placed the children in the custody of their non-abusing father and specifically found that such disposition was "not adverse to the best interests of the children." The circuit court further found that "such a disposition leaves open options that could be in the best interests of the children at a later time." The circuit court also granted the mother visitation with the children at the father's discretion. Finding that permanency for the children was achieved, the circuit court dismissed the matter from its docket.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's dispositional decision below.

On appeal, petitioner argues that the circuit court erred in failing to terminate the mother's parental rights because such a disposition fails to achieve the "highest degree of

---

[2]Both parents' parental rights to the children remain intact. According to the DHHR, the permanency plan for the children is to remain in the home of the non-abusing father.

possible permanency" for the children, given the mother's "completely unwarranted ability to reopen the proceedings at some future date." According to petitioner, the circuit court's disposition was in error, given the fact that the mother chose not to remedy her substance abuse issues when presented with a chance to do so. Petitioner further argues that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Upon our review, however, we find no error in the circuit court's disposition below.

We have previously held that "[t]he question at the dispositional phase of a child abuse and neglect proceeding is not simply whether the parent has successfully completed his or her assigned tasks during the improvement period. Rather, the pivotal question is what disposition is consistent with the best interests of the child." *In re Frances J.A.S.*, 213 W.Va. 636, 646, 584 S.E.2d 492, 502 (2003). Indeed, this is in keeping with our holding that "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (citation omitted)." *Kristopher O. v. Mazzone*, 227 W.Va. 184, 192, 706 S.E.2d 381, 389 (2011). Here, the circuit court explicitly imposed the subject disposition because it found, as the DHHR asserted below, that such disposition was in the children's best interests. In fact, the circuit court found that this disposition left open options, such as permitting the mother the opportunity to later move to modify disposition, "that could be in the best interest of the children at a later time."

On appeal, petitioner argues that the mother's ability to move to modify the dispositional order in the future results in the children being denied permanent placement. We do not agree. Rule 3(n)(2) of the Rules of the Rules of Procedure for Child Abuse and Neglect Proceedings defines "permanent placement" as including a situation in which "[t]he child has been placed in the permanent custody of a non-abusive parent . . . ." In this case, the children achieved permanent placement by being returned to the custody of their non-abusing father. Further, it is important to note that in order for the mother to achieve modification of the circuit court's dispositional order, West Virginia Code § 49-4-606(a) first requires that the circuit court "find[] by clear and convincing evidence a material change of circumstances and that the modification is in the child[ren]'s best interests." Accordingly, it is clear that the mother is currently unable to disrupt the children's permanent placement without first undergoing a material change in the circumstances that gave rise to the petition's filing.

Finally, it is important to note that petitioner's reliance on Syllabus Point 5 of *Kristen Y.*, as set forth above, is misplaced. That holding requires a finding that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in order to support termination of parental rights. The circuit court in this matter made no such finding. As such, it is

clear that the circuit court had the discretion to impose disposition under West Virginia Code § 49-4-604(b)(5).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4